IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES SCOTT MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:05CV1062 DJS/AGF |
| ) | |
| DANA D. THOMPSON, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the petition of Missouri state prisoner James Scott Murphy for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. Respondent argues that the petition should be dismissed as untimely under the one-year statute of limitations of 28 U.S.C. § 2244(d)(1), and alternatively, that Petitioner's claims were either procedurally defaulted or fail on the merits. For the reasons set forth below, the Court recommends that habeas relief be denied.

**BACKGROUND**

The details of the procedural history – which spans over 20 years, and is both complex and, at times, unclear – are arguably not relevant, inasmuch as the Court ultimately concludes that Petitioner's claims are time-barred, and also fail as either not cognizable or procedurally defaulted. Nevertheless, as the history is necessary to

1

understanding Petitioner's claims, it is summarized below. The record indicates that on June 7, 1981, Petitioner was arrested on two counts of robbery, pursuant to an indictment issued in May 1981. He remained in jail until June 10, 1982 (368 days), when he pleaded guilty in St. Louis County Circuit Court, pursuant to a plea agreement, to amended charges of stealing from a person (Count I) and first-degree robbery (Count II). That same day, the court sentenced Petitioner on Count I to one year's imprisonment in the custody of the Department of Justice Services of St. Louis County, with no work release for eight months and no parole. The court sentenced Petitioner on Count II to a concurrent term of ten years' imprisonment in the custody of the Missouri Department of Corrections ("MDOC"), suspending execution of this sentence and placing Petitioner on probation for five years. The court noted on the Judgment and Sentence form, "[Petitioner] waives credit for jail time already served." (Resp't Ex. C at 2.)

The record indicates that Petitioner was in jail in St. Clair County, Missouri, from August 16, 1984, to July 18, 1985 (337 days). (Resp't Ex. B at 23.) The record does not indicate why Petitioner was in jail during this period of time, but the reason was apparently related to the eventual revocation of his probation, because, as set forth below, he is later given credit for this jail time towards his ten-year sentence. On September 16, 1985, the Circuit Court of St. Louis County issued a warrant for Petitioner's arrest for "failure to appear" in connection with the May 1981 indictment. (Resp't Ex. D, App. A-1)

On May 20, 1986, Petitioner was placed in jail in Bibb County, Georgia, on Georgia state charges. On the day of his incarceration in Georgia, the St. Louis County

2

Police Department issued a detainer for Petitioner based upon the September 16, 1985 warrant. Id. According to an affidavit of the Bibb County custodian dated September 23, 1986, Petitioner was sentenced on September 17, 1986, after having spent 121 days in the Bibb County jail. (Resp't Ex. A at 27.) Missouri state court records indicate that the Georgia sentence was for 17 years.

Both parties state that Petitioner was taken into Missouri custody eight days later, on September 25, 1986. On October 31, 1986, the Circuit Court of St. Louis County revoked Petitioner's probation, and executed his original sentence of ten years' imprisonment for the June 1982 robbery conviction.[1] (Resp't Ex. B at 19.) Petitioner was received at MDOC on November 3, 1986. An endorsement on the commitment papers states that Petitioner had served 98 days ("95+3") in jail in St. Louis County "prior to the conviction and sentence which the Court has ordered to be calculated as part of his term." Id. at 22. It is not clear from the record to which 98 days this refers.

Meanwhile, on October 4, 1986, Petitioner was indicted in St. Louis County on new charges of first-degree robbery and armed criminal action, for which he was found guilty by a jury. He was sentenced on July 7, 1987, to eight concurrent life sentences to be followed by eight concurrent ten-year sentences, all to be served consecutive to his sentence for the 1983 robbery and the 17-year Georgia sentence.[2]

---

[1] The circuit court found that Petitioner had violated three conditions of his probation: to obey all federal and state laws; to travel only after receiving permission from his parole officer; and to report to his parole officer. (Resp't Ex. B at 19.)

[2] This case is mentioned in the December 14, 2004 opinion of the Missouri Court of Appeals in the present case, affirming the denial of Petitioner's request for mandamus

3

http://www.courts.mo.gov/casenet/base/welcome.do ("Casenet"), Case No. 21CCR-551019.

On March 15, 1988, Petitioner filed a pro se motion for state post-conviction relief under Missouri Supreme Court Rule 24.035 to vacate, set aside, or correct his ten-year sentence for the 1982 robbery conviction. This motion is not in the record before the Court, but the record suggests that in this motion Petitioner requested credit for the jail time he had served in St. Clair County. Counsel who was appointed to represent Petitioner did not file an amended post-conviction motion. By order dated March 21, 1988, the Circuit Court of St. Louis County set Petitioner's Rule 24.035 motion for a hearing on April 25, 1988. (Pet. Ex. A-7 to Doc. #7.) On April 27, 1988, the court ordered that, by agreement of the parties, Petitioner be granted credit toward his ten-year sentence for 336 days he had served in the St. Clair County jail. The order stated, "State confesses movant's 24.035 motion." (Resp't Ex. B at 23.)

Apparently due to his subsequent convictions, the running of Petitioner's ten-year sentence for the 1982 robbery conviction was extended and eventually set to expire on August 17, 2008. (Resp't Ex. H.) On January 7, 2004, Petitioner who was then an inmate at Potosi Correctional Center ("PCC") in Washington County, Missouri, wrote to the PCC Records Officer that under Mo. Rev. Stat. 558.031,[3] Petitioner was entitled to

---

relief. (Resp't Ex. F at 2 n.3.) A conviction for escape was vacated on May 24, 1990. casenet, Case No. 21CCR-532810.

[3] Prior to 1971, the grant of credit for presentence jail time was a matter for the discretion of the sentencing judge. At the time of Petitioner's stealing and robbery convictions, § 558.031 provided as follows (with emphasis added):

4

> 1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both *while awaiting trial for such crime* and while pending transfer after conviction to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that
>
> (1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense;
>
> > \* \* \*
>
> 2. The officer required by law to deliver a convicted person to the department of corrections shall endorse upon the commitment papers the period of time to be credited as provided in subsection 1 of this section.

In 1995, § 558.031 was revised to provide (with emphasis added):

> 1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody *was related to that offense*, except:
>
> > \* \* \*
>
> (2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action;
>
> > \* \* \*
>
> 2. The officer required by law to deliver a person convicted of a crime in this state to the department of corrections shall endorse upon the [commitment papers] both the dates the offender was in custody and the period of time to be credited toward the service of the sentence of imprisonment, except as endorsed by such officer.

5

credit toward his ten-year sentence for the 1982 robbery conviction for the 368 days he had been in jail between his arrest on June 7, 1981, for that crime, and the date he pleaded guilty, June 10, 1982. Relying on State ex rel. Jones v. Cooksey, 830 S.W.2d 421, 425 (Mo. 1992) (en banc) (stating that § 558.031 "contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government"), Petitioner asserted that the crediting was mandatory, whether ordered by the sentencing court or not, and that the sentencing court had no authority to deny him credit for jail time served, even if he had waived the credit. Additionally, Petitioner sought credit for the 129 days he had served in the Bibb County jail from May 20 to September 25, 1986, while subject to the Missouri detainer. Thus, Petitioner requested credit for a total of 497 days. Petitioner attached to his letter a copy of the 1982 Judgment and Sentence form and the above-mentioned affidavit of the Bibb County custodian. (Resp't Ex. B at 5-8.)

By memo dated January 14, 2004, the Records Officer responded as follows:

According to your sentence and judgment file, you have been given credit on everything that was allowed by as [sic] indicated on a sheriff's endorsement.

The issues you have addressed to me can only be resolved by the counties

---

According to the Missouri Supreme Court, the purpose of this statute "undoubtedly is to eliminate the disparity of treatment between indigent defendants, who typically are in custody prior to sentencing, and non-indigents, who typically are free on bond prior to sentencing." Goings v. Mo. Dep't of Corr., 6 S.W.3d 906, 908 (Mo. 1999) (en banc). The Missouri Supreme Court has also held that the 1995 amendment does not apply retroactively to cover cases, such as the present one, in which the crime was committed prior to the amendment. See State ex rel Nixon v. Kelly, 58 S.W.3d 513, 518 (Mo. 2001) (en banc).

6

> you were being held in. The sentence and judgment can determine whether you will be given credit for time served but not specific dates. This issue should be addressed to the St. Louis County authorities. The issue with Bibb County Georgia (incorrect dates on their endorsement) will have to be dealt with thru them.
>
> If I receive additional endorsement from the authorities in the counties you were held in, I will look again at your credits and adjust them accordingly if needed.

Id. at 9.

On January 21, 2004, Petitioner wrote to the Superintendent at PCC, requesting credit for the 497 days. Petitioner again asserted that Petitioner could not "waive something that is mandatory that I get credit for." He argued that it was not Petitioner's job, but the job of MDOC, to obtain the dates he was incarcerated so that MDOC could comply with its responsibility to calculate credit for jail time served. Petitioner suggested that he would file an application for a writ of mandamus if he could not obtain relief from the Superintendent. Id. at 10-11. The Superintendent responded by letter dated January 22, 2004, that he had confidence in the Records Officer's assessment and that Petitioner should file for mandamus relief if he felt that were appropriate. Id. at 12.

On February 9, 2004, Petitioner filed an application for a writ of mandamus with the Circuit Court of Washington County, naming the PCC Superintendent and Records Officer as respondents. He requested that the court order the respondents to credit him with 497 days of jail time, as required by § 558.031. Petitioner argued that he was denied credit for jail time "that is mandatory by statute, that he be given credit for," and that this violated his equal protection rights because "[s]imilarly situated persons" were granted credit for time they served. Id. at 13-14.

7

The respondents argued that in order for an inmate to receive credit under § 558.031, the sheriff had to endorse the number of days on the commitment papers and that MDOC's role was merely to apply the sheriff's endorsement to a given sentence. They stated that Petitioner was granted credit on his commitment papers for 98 days of credit, and was also granted credit for 337 days pursuant to the agreement between the State and Petitioner. The respondents argued that as the remaining credit Petitioner was seeking was not endorsed by the sheriff or agreed to, they could not grant the credit, and that while Petitioner might have a claim against the St. Louis County sheriff to endorse the jail-time credit, he did not have a claim against the named respondents. Id. at 15-16. On April 7, 2004, the court summarily denied Petitioner's request for mandamus relief. (Resp't Ex. A at 8.)

Petitioner appealed to the Missouri Court of Appeals on April 15, 2004. He claimed that denial of jail time served was in violation of § 558.031 and the state constitution, and the Eighth and Fourteenth Amendments of the federal Constitution because, if he were not given the credit, he would be confined in excess of the time imposed by the sentencing court. Petitioner pointed out that in Cooksey, 830 S.W.2d at 426, the state supreme court held that credit for detainer time did not require an endorsement by a sheriff, as detainer time was within the knowledge of the MDOC. (Resp't Ex. D at 4-6.)

On December 14, 2004, the Missouri Court of Appeals affirmed the judgment of the circuit court. The appellate court reasoned that § 558.031 provided credit for jail time served while awaiting trial, but here, Petitioner was not awaiting trial while incarcerated in

8

Bibb County from May 20 to September 25, 1986. Rather, he was being held on detainer awaiting his probation revocation hearing. Additionally, the appellate court held that § 558.031 required an endorsement by a sheriff confirming jail time served in order to receive credit, and Petitioner failed to provide the court with any record of endorsement by the sheriff for the time spent in the St. Louis County jail between June 7, 1981, and June 10, 1982. (Resp't Ex. F 3-6.)

On December 23, 2004, Petitioner filed a motion for rehearing/rehearing in banc. While that motion was pending, on January 5, 2005, Petitioner filed a motion to reopen his March 1988 Rule 24.035 motion. He asserted that he had been abandoned by appointed post-conviction counsel, who did not ascertain that Petitioner's plea was voluntary and did not file an amended post-conviction motion. He contended that post-conviction counsel should have asserted that Petitioner's trial counsel was ineffective for failing to inform Petitioner that the crediting of jail time served was mandatory and that the sentencing court did not have jurisdiction to accept Petitioner's waiver of credit for jail-time served. (Pet'r Ex. A to Doc. #7.)

On February 9, 2005, the Missouri Court of Appeals denied Petitioner's motion for rehearing/rehearing in banc, and on March 24, 2005, the appellate court issued its mandate as to the denial of Petitioner's request for a writ of mandamus. Casenet, Case No. 04CV610653. In a motion to recall the mandate, Petitioner argued that "the equal protection clause prevents anyone from denying an indigent criminal defendant jail time served on a sentence for a crime he is confined on." (Pet'r Ex. A at 25-33.) On June 21,

9

2005, the Missouri Court of Appeals summarily denied Petitioner's motion to recall the mandate.

On July 7, 2005, Petitioner filed this federal habeas action. He claims that:

(1) the state courts erred in denying Petitioner his right to credit for jail time served between the date of his arrest (June 7, 1981) and the date he entered his guilty pleas (June 10, 1982), causing him to serve a longer sentence than he was sentenced to;

(2) the state courts erred in denying Petitioner his right to credit for jail time served in the Bibb County jail while under detainer of the St. Louis County Police Department;

(3) Mo. Rev. Stat. § 558.031 is unconstitutional and discriminatory because it deprives persons of their right to credit for jail time served if the sheriff refuses to provide an endorsement of the time served.

On August 15, 2005, Petitioner was conditionally released by MDOC for the remainder of his ten-year sentence due to end on August 17, 2008. (Resp't Ex. H.)

## **DISCUSSION**

**Statute of Limitations**

Respondent argues that the present action should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner, with the limitations period beginning on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For judgments which became final by the conclusion of direct review, or the expiration of the time for seeking such review, before the enactment of AEDPA on April 24, 1996, the Eighth Circuit provides a "one-year grace period, ending April 24, 1997, for the filing of habeas petitions." Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999). The Court agrees with Respondent that Petitioner's one-year limitations period began to run at the latest at the beginning of the grace period on April 24, 1996.

The one-year limitations period is tolled while a state prisoner seeks postconviction relief in state court: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner argues that the time for filing a habeas petition did not expire due to the pendency of his motion, filed on January 5, 2005, to reopen the Rule 24.035 motion. He states that he and his wife have had numerous conversations with the St. Louis County Circuit Clerk and had been told that no such motion existed, and more recently that it had been lost. He asserts that the state court's actions in this regard have "created an impediment that is unconstitutional and prevents petitioner from exercising his constitutional right of access to the courts in a timely manner." (Doc. #7.)

11

As Respondent argues, however, the statute of limitations was not subject to tolling because Petitioner did not have any pending collateral matters when the limitations began to run, nor did he commence any such action within one year thereafter, that is, before April 24, 1997. Petitioner's request for a writ of mandamus as well as his motion to reopen his Rule 24.035 motion are irrelevant to the question of tolling because they were filed after April 24, 1997. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) (stating that "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"), cert. denied, 127 S. Ct. 946 (2007); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam) (holding that a Missouri state habeas action filed after the one-year federal limitations period has run does not revive the time in which to file a federal habeas petition); Campos v. Murphy, No. 04-CV-142 RWS, 2006 WL 2917365, at *3 (E.D. Mo. Oct. 11, 2006) (same); cf. Boston v. Weber, 525 F.3d 622, 626 (8th Cir. 2008) (holding that there is no retroactive tolling of AEDPA's limitations period even where a state post-conviction action is filed within the one-year period).

Nor does the Court discern any basis here for equitably tolling the statute of limitations. See Pace v. DiGugliemo, 544 U.S. 408, 418 & n.8 (2005) (assuming, without deciding that equitable tolling applies to AEDPA's one-year limitations period, application of the doctrine would only be appropriate if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"). Accordingly, the Court recommends that the present action be dismissed as time-barred.

**Merits / Procedural Default**

Respondent argues that even if Petitioner's habeas action were timely, relief should be denied as claims (1) and (2) raise issues of state law which are not cognizable in an action for federal habeas relief, and claim (3) was procedurally defaulted because Petitioner failed to raise the issue to the state courts, and did not provide a reason for this failure. Respondent further argues that the state appellate court's determination that claims (1) and (2) were without merit is entitled to deference.

Petitioner responds that although jail time credit is a matter of state law, his claims have constitutional equal protection implications, in that "where others are afforded credit for jail time that is mandatory by law, all should be." He maintains that the sentencing court "had no jurisdiction over jail time credit." He also asserts that his claim challenging the constitutionality of Mo. Rev. Stat. § 558.031 was not procedurally defaulted because the constitutionality of the statute was raised in his motion to recall the mandate. (Doc. #7.)

In conducting habeas review under § 2254, a federal court is limited to deciding whether a state conviction was "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" Middleton v. Roper, 455 F.3d 838, 852 (8th Cir. 2006) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)), cert. denied, 127 S. Ct. 980 (2007). The Eighth Circuit has held that "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Travis v. Lockhart, 925 F.2d 1095, 1097 (8th

13

Cir. 1991) (vacating district court's order denying habeas relief because that court erred in interpreting the Arkansas mandatory crediting statute on the merits); see also Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988) (per curiam) (stating that "[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee") (citing Lewis v. Cardwell, 609 F.2d 926, 928 (9th Cir. 1979) ("The origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee.")); Harkins v. Wyrick, 589 F.2d 387, 391 (8th Cir. 1979) (holding that the interpretation of a state crediting statute was not a proper function of a federal habeas court); Howard v. White, 76 Fed. App'x 52, 53 (8th Cir. 2003) (citing Travis, 925 F.2d at 1097); Wishom v. Roberts, 37 Fed. App'x 338, 339 & n.2 (10th Cir. 2002) (rejecting a habeas petitioner's argument that the Equal Protection and Due Process Clauses entitled him to sentence credit for pretrial incarceration when his sentence was within the maximum range allowed under state statute); Priester v. Gammon, No. 04-CV-1748 RWS, 2007 WL 1892259, at *5 (E.D. Mo. June 29, 2007) ("Petitioner is challenging the state's application of § 558.031. Therefore, this ground is not cognizable in this federal habeas corpus proceeding."); Soden v. Murphy, No. 05-CV-1399 CAS, 2007 WL 1445383, at *4 (E.D. Mo. May 10, 2007) (same).

  Despite the authority cited above, the matter is not free from doubt, as there is contrary authority in the Eighth Circuit and other courts as well. In Palmer v. Dugger, 833 F.2d 253 (11th Cir. 1987), the Eleventh Circuit stated as follows: "As a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentence

absent a state statute granting such credit." Id. at 254 (emphasis added). And in Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970), the Fifth Circuit elaborated somewhat to explain:

> [T]here is no federal constitutional right to credit for time served prior to sentence. In the absence of a statute requiring that such credit be given, the matter is within the discretion of the sentencing judge. Here there is a statute but it specifically gives the judge complete discretion. Thus we find no custody in violation of the United States Constitution and therefore no claim cognizable on a federal writ of habeas corpus.

Gremillion, 425 F.2d at 1294. In the present action, the applicable state statute was mandatory.

The Eighth Circuit, in King v. Wyrick, 516 F.2d 321 (8th Cir. 1975), held that it is a denial of equal protection not to grant a state prisoner credit for jail time served after he was unable to meet bail due to indigence, even when the prisoner's sentence, with the jail time added, was less than the statutory maximum (and even when the state crediting statute was discretionary and not mandatory). King, 516 F.2d at 324-25 (relying on Williams v. Illinois, 399 U.S. 235 (1970), which held that equal protection is violated when the aggregate of jail time and imprisonment exceeds the statutory maximum and results from nonpayment of a fine or court costs due to indigence). Other courts have taken a similar position. See Johnson v. Prast, 548 F.2d 699, 702 (7th Cir. 1977) (citing cases). Cf. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) ("[G]ood time credits alone are not liberty interests. To be so considered, the state must have created a mandatory scheme which necessarily affects the duration of a prisoner's sentence.") (citation omitted).

The current prevailing view in this Circuit and District, however, appears to be that a claim based on the alleged misapplication of a state crediting statute, whether discretionary or mandatory, is not cognizable by a federal habeas court. This Court need not resolve the matter here. With respect to the 368 days served in jail prior to sentencing for the 1982 robbery conviction, it is undisputed that Petitioner waived credit for that time. The Court perceives no reason why a criminal defendant cannot waive credit for jail time served, as part of a plea agreement, just as he can waive other statutory or constitutional rights. See, e.g., Felts v. Duncan, 34 Fed. App'x 374, 375 (9th Cir. 2002); In re Turley, 496 S.W.2d 865, 867 (Mo. Ct. App. 1973) (holding that statutory right for credit for presentence jail time is subject to waiver). Petitioner's claim raised in his motion to reopen his Rule 23.045 motion (filed over 23 years after his guilty pleas and almost 17 years after the Rule 24.035 motion was disposed of) that his plea was not voluntary due to defense counsel's alleged misadvice that credit for jail time was unwaivable is unavailing. And the state mandamus appellate court's determination that Petitioner was not entitled to the 129 days served in the Bibb County jail because he was not at the time "awaiting trial" for the detainer offense, as required by the applicable state statute, was not factually or legally unreasonable. Because the State complied with its mandatory sentencing statute, no federal constitutional right is implicated and federal habeas relief is not available. See Gremillion, 425 F.2d at 1294.

As noted above, Respondent argues that Petitioner's claim that § 558.031 violates the Equal Protection Clause because it grants credit to those with endorsements but not to those without endorsements was procedurally defaulted. Under the doctrine of procedural

default, a state prisoner is generally barred from obtaining federal habeas relief on claims that were not properly presented through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). Here, Petitioner did not raise his present constitutional claim to the Missouri Court of Appeals, and this court is accordingly procedurally barred from considering it on the merits. See Perry v. Kemna, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts.") (citation omitted). Even if not defaulted, this claim is without merit.

## **CONCLUSION**

The Court concludes that the present action is time-barred and, alternatively, that habeas relief is not warranted. The Court does not believe that "reasonable jurists" might find that the Court's assessment of the procedural and substantive issue in this case "debatable or wrong," for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of James Scott Murphy for habeas corpus relief be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not issue in this case.

The parties are advised that they have ten (10) days in which to file written

17

objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of June, 2008.